CHICAGO—FIRST DISTRICT—APRIL, 1919.    57

O'Brien v. Int. Ladies' Garment Workers' Union, 214 Ill. App. 57.

James S. O'Brien et al., Appellees, v. International Ladies' Garment Workers' Union et al. (Defendants).

Ash-Madden-Rae Company et al., Appellees, v. International Ladies' Garment Workers' Union et al. (Defendants).

In the Matter of the Contempt of Steve Sumner, Appellant.

Gen. No. 23,706.

1. INJUNCTION, § 260*—*when imprisonment of strike leader proper.* On appeal from an order committing appellant to jail for contempt of court in violating an injunction issued during a strike, language used by appellant in addressing the strikers, *held* to amount to wilful disobedience and defiance of the injunction and to warrant his imprisonment.

2. INJUNCTION, § 149*—*what constitutes violation of prohibiting any one from aiding or abetting strikers to do forbidden acts.* Language or conduct intended to incite others to a violation of the court's order is in violation of the specific terms of an injunction prohibiting any one from aiding or abetting any of the strikers to commit any of the acts forbidden in the injunction.

3. CONSTITUTIONAL LAW—*when doctrine of free speech not applicable.* Where the language of one appealing from an order committing him for contempt will bear only one reasonable construction, that both with particularity and emphasis it had reference to the particular injunctions involved, he cannot escape by asserting the protection of constitutional rights of free speech applicable to general conditions and situations.

Appeal from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed April 7, 1919. *Certiorari* denied by Supreme Court (making opinion final).

DARROW & SISSMAN, for appellant; VICTOR S. YARROS, of counsel.

ROSENTHAL, HAMILL & WORMSER, for appellees in Ash-Madden-Rae Co. case.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

LEWIS F. JACOBSON, for appellees in O'Brien case; CHARLES H. HAMILL and LEO F. WORMSER, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

This is one of the contempt cases which we have referred to in our opinion this day filed in case No. 23,705, *ante*, p. 46. What we there said as to the circumstances and the legal propositions involved applies to the case of this appellant and is adopted as part of this opinion.

Appellant Steve Sumner was charged with having violated the injunction which enjoined any one with knowledge thereof "from ordering, asking, aiding or abetting, in any manner whatever, any person or persons to commit any or either of the acts aforesaid," namely, picketing and other conduct tending to molest or intimidate employees, and also from using language intending to incite others to a violation of the court's order. He was found guilty and sentenced to imprisonment in jail for 70 days.

There is no substantial defense made for this appellant. It is undisputed by evidence that he is not a garment worker or identified with the Garment Workers' Union, and that his conduct and actions were those of an interloper. On February 21st he addressed a meeting of garment workers, and indulged in a most violent denunciation of judges and these particular injunctional orders. He mentioned some of the judges sitting in the Circuit and Superior Courts of this county by name, and applied to them opprobrious epithets. He boasted of how he would break injunctions right and left, and encouraged the girl strikers to do the same, saying that they might as well be in jail, for there they could get three square meals a day. He further incited violence by saying that if any one took his job while on strike he would "bounce a brick on his bean." He specifically told the strikers

to go out and picket, telling them "to get right out and picket, not to be afraid; they were just as well off in jail as out of jail." He attacked the chancellor for issuing the injunctions, referring to them as "outrageous and un-American." There was also further vulgar and shameless abuse of the judge. Also, he stated that "somebody ought to be killed" in connection with this strike. There were further statements made by him to the effect that judges, had no right to issue such an injunction because they were elected by the people. There was much more of the same inflammatory kind of talk, all with the manifest purpose of inciting violence, lawlessness and disobedience of the order of the court. There was no testimony on behalf of appellant in contradiction.

It is well settled that language or conduct intended to incite others to a violation of a court's order is in contempt of court. *United States v. Colo,* 216 Fed. 654; *Stewart v. United States,* 236 Fed. 838; *In re Debs,* 158 U. S. 564. In the *Stewart* case, *supra,* the court said "that language or conduct designed, and having the natural effect, to incite others to violence in disregard of the orders of the court, is itself a contemptuous act."

It is presented in defense that Sumner merely advised others to violate the injunction, and that that did not constitute a violation by Sumner. This is wholly without merit. As we have stated, Sumner is charged with having violated that part of the injunction which prohibited any one from aiding or abetting any of the strikers to commit any of the acts forbidden in the injunction. Everything Sumner said was directed toward this end, and hence was in violation of the specific terms of the injunction.

It is further said that the mere ridicule or denunciation of injunctions in general, not amounting to advice to violate these particular injunctions, is but the exercise of free speech guaranteed by the Constitution.

60    APPELLATE COURTS OF ILLINOIS.

O'Brien v. Int. Ladies' Garment Workers' Union, 214 Ill. App. 57.

We do not need to determine the broad, general question as to how far a citizen may go in general criticism of courts in relation to practice, policies or methods; that is not this case. The language of appellant could bear only one reasonable construction, that, both with particularity and emphasis, the advice and encouragement to lawlessness had reference to the particular injunctions in question. The judge issuing these injunctions was especially designated by name, the particular injunctional orders attacked, and the advice as to the course of conduct had reference only to the conduct and acts forbidden by these same injunctions. Appellant's language was specific and direct, and he cannot escape by asserting the protection of constitutional rights of free speech applicable to general situations and conditions.

No defense of any merit is presented tending to excuse Sumner or to relieve him of the consequences of his wilful disobedience and defiance of the injunctions. The court could properly have made no other finding than that he was guilty of contempt.

It is not claimed that his punishment is excessive, and in his speech above referred to Sumner, in defiant language, said that he was not afraid of the court or the injunctions, and "would take whatever sentence he got."

The judgment is affirmed.

*Affirmed.*